In The United States District Court Southern District of Indiana Docket No._____

# IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA

## FILED

AZAEL DYTHIAN PERALES et al.,

JUN 3 0 2017

(Plaintiff's)

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Vs.

## 1:17-cv-2268 SEB -MJD

UNITED STATED DEPARTMENT OF
JUSTICE et.al., ALL NAMED & RELATED -
DEFENDANTS

U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE,NW
WASHINGTON, DC 20530-0001

U.S. DEPARTMENT OF JUSTICE
OFFICE OF PROFESIONAL RESPONSABILITY
950 PENNSYLVANIA AVENUE
WASHINGTON, DC 20530-0001

U.S. DEPARTMENT OF JUSTICE
OFFICE OF GENERAL COUNSEL
950 PENNSYLVANIA AVENUE
WASHINGTON, DC 20530-0001

U.S. DEPARTMENT OF JUSTICE
TAX DIVISION, APPELLATE SECTION
P.O. BOX 502
WASHINGTON, DC 20044

U.S. DEPARTMENT OF JUSTICE
OFFICE OF LEGAL COUNSEL
950 PENNSYLVANIA AVENUE
WASHINGTON, DC 20530-0001

U.S. DEPARTMENT OF JUSTICE
OFFICE OF ATTORNEY GENERAL,
OFFICE OF ASSOCIATE ATTORNEY GENERAL
OFFICE OF DEPUTY ATTORNEY GENERAL

1

In The United States District Court Southern District of Indiana Docket No._____

OFFICE OF SOLICITOR GENERAL
OFFICE OF EXECUTIVE OFFICE OF U.S. TRUSTEES
OFFICE OF INFORMATION POLICY
OFFICE OF COMMUNITY POLICING SERVICING(COPS)
OFFICE OF ANTITRUST DIVISION
OFFICE OF CIVIL RIGHTS DIVISION
OFFICE OF LEGISLATIVE AFFAIRS
OFFICE OF CIVIL DIVISION
OFFICE OF COMMUNITY RELATIONS SERVICE
OFFICE OF TRIAL JUSTICE
OFFICE OF U.S. ATTORNEY et al., (all 50 States)
OFFICE OF FEDERAL BUREAU OF INVESTIGATION
OFFICE OF ENVIROMENT & NATURAL RESOURCES DIVISION
OFFICE OF DRUG ENFORCEMENT ADMINISTRATION
OFFICE OF EXECUTIVE OFFICE FOR U.S. ATTORNEYS
OFFICE OF CRIMINAL DIVISION
OFFICE OF BUREAU OF PRISIONS
OFFICE OF U.S. MARSHALLS SERVICE
OFFICE OF INTERPOL WASHINGTON
OFFICE OF NATIONAL SECURITY DIVISION
OFFICE OF THE INSPECTOR GENERAL
OFFICE OF JUSTICE MANAGEMENT DIVISION
OFFICE OF PROFESSIONAL RESPONSIBILITY ADVISORY OFFICE
OFFICE OF ORGANIZED CRIME DRUG ENFORCEMENT TASK FORCES
AND ALL OTHER APPLICABLE DEPARTMENT OF JUSTICE OFFICES et al.,
950 PENNSYLVANIA AVENUE
WASHINGTON, DC 20530-0001

The United States Attorney's Office et al.,
Central District of California
Civil Division
Attn: Civil Rights Section
300 North Los Angeles Street, Suite 7516
Los Angeles, California 90012

(Presiding U.S. Attorneys)

Wesley L. Hsu, Deputy United States Attorney or Any Acting U.S. Attorney

Tracy Wilkison - Executive Assistant United States Attorney or Any Acting U.S. Attorney

Ranee Katzenstein, Chief of Trials, Integrity and Professionalism or Any Acting U.S. Attorney

Dennise Willett, Chief of Santa Ana Branch Office & Counsel to the U.S. Attorney &

2

In The United States District Court Southern District of Indiana Docket No._____

Max Shiner, Special Counsel to the U.S. Attorney for Violent Crime or Any Acting U.S. Attorney

**District Attorney Offices of California**

(By county)

Alameda County

Alameda County District Attorney

1225 Fallon Street, Room 900

Oakland, CA 94612

Telephone: (510) 272-6222

Alpine County

Alpine County District Attorney

14777 State Route 89, Markleeville, CA 96120

(530) 694-2971

Amador County

Amador County District Attorney

708 Court Street, Jackson, CA 95642

(209) 223-6444

Butte County

Butte County District Attorney

25 County Center Drive

Oroville, California  95965

(530) 538-7411

Calaveras County

In The United States District Court Southern District of Indiana Docket No._____

Calaveras County District Attorney

891 Mountain Ranch Road

San Andreas, CA 95249

(209) 754-6330


Colusa County

Colusa County District Attorney

547 Market Street, Colusa, CA 95932

(530) 458-0545


Contra Costa County

Contra Costa County District Attorney

900 Ward Street

Martinez 94553

(925)957-2200


Contra Costa County District Attorney

WESTERN OPERATIONS

100 37th St Rm 220

Richmond 94805

(510)231-1800


Contra Costa County District Attorney

CENTRAL/EASTERN OPERATIONS

10 Douglas Dr Ste 130

Martinez 94553

(925)646-2625

In The United States District Court Southern District of Indiana Docket No._____

Del Norte County

Del Norte County District Attorney

450 H Street, Crescent City, CA 95531

(707) 464-7210

Kings County

District Attorney-Prosecution

1400 West Lacey Boulevard, Hanford, CA 93230

(559) 582-0326

Madera County

District Attorney

14227 Road 28, Madera, CA 93638

(559) 675-7885

Merced County

District Attorney-Family Spprt

780 Loughborough Drive, Merced, CA 95348

(209) 385-7675

El Dorado County

El Dorado District Attorney

515 Main Street

Placerville, CA 95667

(530) 621-6472

El Dorado District Attorney

1360 Johnson Boulevard,

In The United States District Court Southern District of Indiana Docket No._____

South Lake Tahoe, CA

96150

(530) 573-3101


Fresno County

Fresno County District Attorney

2220 Tulare St., Suite 1000

Fresno, CA 93721

(559) 488-3141


Fresno County Public Defender's Office

Fresno County Juvenile Court

748 South 10th Street, Fresno, CA 93702

(559)455-5320


Glenn County

Glenn County District Attorney

540 West Sycamore Street, Willows, CA 95988

(530) 934-6525


Hemet County

Hemet County District Attorney

910 North State Street, Hemet, CA 92543

(909) 766-2370


Humboldt County

Humboldt County District Attorney

825 5th Street

In The United States District Court Southern District of Indiana Docket No._____

Eureka, CA 95501

(707) 445-7411

Imperial County

940 W Main St Ste 102

El Centro, CA 92243-2880

Phone: (760) 482-4331

Inyo County

Inyo County District Attorney

301 W. Line St.

Bishop, CA 93514

(760) 873-6657

Kern County

District Attorney's Office

1215 Truxtun Avenue

Bakersfield, CA 93301

(661) 868-2340

Kern County

District Attorney

Branch Offices

Kern County

District Attorney

Branch Offices

Kern County District Attorney

In The United States District Court Southern District of Indiana Docket No._____

1122 Jefferson Street

Delano, California 93215

(661) 868-6353


Kern County District Attorney

12022 Main Street

Lamont, California 93241

(661) 868-5741


Kern County District Attorney

1775 Highway 58

Mojave, California 93501

(661) 824-7110


Kern County District Attorney

128 East Coso Boulevard

Ridgecrest, California 93555

(730) 384-5821


Kern County District Attorney

325 Central Valley Highway

Shafter, California 93264

(661) 868-2459


Kern County District Attorney

311 Lincoln Street

Taft, California 93268

(661) 868-6385

In The United States District Court Southern District of Indiana Docket No._____

Kings County

Kings County District Attorney

1400 West Lacey Boulevard

Hanford, CA   93230

Phone: (559) 582-0326

Lake County

Lake County District Attorney

255 North Forbes St

Lakeport, CA   95453

(707) 263-2251

Victim-Witness Division

420 2nd Street

Lakeport, CA   95453

(707) 262-4282

Los Angeles County

(website)

Los Angeles District Attorney Headquarters

Clara Shortridge Foltz Criminal Justice Center

210 West Temple St.

Los Angeles, Ca. 90012

Phone:(213) 974-3512

In The United States District Court Southern District of Indiana Docket No._____

**Los Angeles County**

**District Attorney**

 **Branch Offices**

Los Angeles County

District Attorney

 Branch OfficesLos Angeles County

District Attorney

Juvenile Offices

Airport Branch Office

11701 South La Cienega Blvd., #601

Los Angeles, Ca. 90045

Phone:(310) 727-6500Alhambra Branch Office

150 West Commonwealth Ave.

Alhambra, Ca. 91801

Phone:(626) 308-5302

Antelope Valley

Juvenile Office

1040 W. Ave. J., Suite 1132

Lancaster, Ca. 93534

Phone:(661) 945-6435

Antelope Valley

Branch Office

42011 4th Street West

Lancaster, Ca. 93534

In The United States District Court Southern District of Indiana Docket No._____

Phone:(661) 974-7700

Bellflower Area Office

10025 East Flower Street,

Rm. 374

Bellflower, Ca. 90706

Phone:(562) 804-8085

Compton Juvenile Office

200 West Compton Blvd.,

Rm. 703

Compton, Ca. 90220

Phone:(310) 603-7462

Beverly Hills Area Office

9355 Burton Way, Rm. 400

Beverly Hills, Ca. 90210

Phone:(310) 288-1246

Burbank Satellite Office

300 E. Olive Avenue,

Rm. 215

Burbank, Ca. 91502

Phone:(818) 557-3525

Eastlake Juvenile Office

1601 Eastlake Ave., Rm. M

Los Angeles, Ca. 90033

In The United States District Court Southern District of Indiana Docket No._____

Phone:(323) 226-8955

Compton Branch Office

200 West Compton Blvd.,

Rm. 700

Compton, Ca. 90220

Phone:(310) 603-7483Downey Area Office

7500 East Imperial Hwy,

Rm. 324

Downey, Ca. 90242

Phone:(562) 803-7100

Inglewood Juvenile Office

One Regent Street, Rm. 600

Inglewood, Ca. 90301

Phone:(310) 419-5255

East Los Angeles Area Office

4848 East Civic Center Way

Rm. 201

Los Angeles, Ca. 90022

Phone:(323) 780-2032El

Monte Area Office

11234 East Valley Blvd.,

Rm. 110

El Monte, Ca. 91731

In The United States District Court Southern District of Indiana Docket No._____

Phone:(626) 575-4155

Juvenile Headquarters - North

215 North Marengo,

Rm. 200

Pasadena, Ca. 91101

Phone:(626) 356-5785

Glendale Area Office

600 East Broadway, Rm. 280

Glendale, Ca. 91206

Phone:(818) 500-3593

Inglewood Area Office

One Regent Street, Rm. 405

Inglewood, Ca. 90301

Phone:(310) 419-5182Juvenile

Justice Center - Kenyon

7625 South Central Ave.

Los Angeles, Ca. 90001

Phone:(323) 586-6103

Long Beach Branch Office

415 West Ocean Blvd., Rm. 305

Long Beach, Ca. 90802

Phone:(562) 491-6301Malibu Satellite Office

23525 West Civic Center Way

In The United States District Court Southern District of Indiana Docket No._____

Malibu, Ca. 90265

Phone:(310) 317-1343


Long Beach Juvenile

100 Oceangate, Suite 500

Long Beach, Ca. 90802

Phone:(562) 491-6349


Norwalk Branch Office

12720 Norwalk Blvd., Rm. 201

Norwalk, Ca. 90650

Phone:(562) 807-7212


Pasadena Branch Office

300 East Walnut St.,

Rm. 103

Pasadena, Ca. 91101

Phone:(626) 356-5620


Los Padrinos Juvenile

7281 East Quill Drive

Downey, Ca. 90242

Phone:(562) 940-8827


Pomona Branch Office

400 Civic Center Plaza, Rm.201

Pomona, Ca. 91766

Phone:(909) 620-3350

In The United States District Court Southern District of Indiana Docket No._____

San Fernando Branch Office

900 Third St., 3rd Floor

San Fernando, Ca. 91340

Phone:(818) 898-2511


Pasadena Juvenile Office

215 North Marengo,

Rm. 200

Pasadena, Ca. 91101

Phone:(626) 356-5785


Santa Clarita Area Office

23747 West Valencia Blvd.

Rm. 1

Valencia, Ca. 91355

Phone:(661) 253-7244


Torrance Branch Office

825 Maple Ave., Rm. 190

Torrance, Ca. 90503

Phone:(310) 222-3552


Sylmar Juvenile

16350 Filbert St., Rm. 370

Sylmar, Ca. 91342

Phone:(818) 364-2122

In The United States District Court Southern District of Indiana Docket No._____

Van Nuys Branch Office

6230 Sylmar Ave., Rm. 201

Van Nuys, Ca. 91401

Phone:(818) 374-2400West

Covina Area Office

1427 West Covina Pkwy,

Rm. 105

West Covina, Ca. 91790

Phone:(626) 813-3301

Whittier Area Office

7339 South Painter Ave.,

Rm. 200

Whittier, Ca. 90602-1891

Phone:(562) 907-3190

Madera County

Madera District Attorney

209 West Yosemite Avenue, Madera, CA 93637

(559) 675-7726

Marin County

Marin County District Attorney

3501 Civic Center Drive # 130, San Rafael, CA 94903

16

In The United States District Court Southern District of Indiana Docket No._____

(415) 499-6450


Mariposa County

Mariposa County District Attorney

5088 Bullion Street, Mariposa, CA 95338

(209) 966-3626


Mendocino County

District Attorney

100 North State St., Room G10

Ukiah, CA 95482

(707) 463-4211


District Attorney – Fort Bragg

700 South Franklin Street

Fort Bragg, CA 95437

(707) 964-5624


District Attorney – Willits

125 E. Commercial Street

Willits, CA 95490

(707) 459-6128



Merced County

Merced County District Attorney

650 W. 20th Street

In The United States District Court Southern District of Indiana Docket No._____

Merced, CA  95340

(209) 385-7381


Modoc County

Modoc County District Attorney

204 South Court Street, Alturas, CA 96101

(530) 233-6212

Mono County

Mono County District Attorney


Bridgeport Office

Old Courthouse

Main Street

Bridgeport, CA 93517

(760)932-5550


Mammoth Lakes Office

3rd Floor

Sierra Center Mall

Mammoth Lakes CA 93546

(760)924-1710


Monterey County

District Attorney --Salinas Office

230 Church Street, Bldg. 2 & 3

Salinas, CA  93901

(831)755-5070

In The United States District Court Southern District of Indiana Docket No._____

District Attorney --Monterey Office

1200 Aguajito Road, Room 301

Monterey, CA  93940

(831)647-7770


District Attorney --King City Office

250 Franciscan Way

King City, CA  93930

(831)385-8325


Napa County

Napa County District Attorney

931 Parkway Mall, Napa, CA 94559

(707) 253-4211

Nevada County


OFFICE OF THE DISTRICT ATTORNEY

110 Union Street

Nevada City, California 95959

Phone:(530) 265-1301


Orange County

Orange County District Attorney

Main Office

401 Civic Center Dr.

Santa Ana, CA  92701

714-834-3600

In The United States District Court Southern District of Indiana Docket No._____

Orange County

District Attorney

Branch Offices

Orange County

District Attorney

Branch Offices


North Office

1275 N. Berkeley Ave.

Fullerton, CA 92631

(714) 773-4480

West Office

8141 13TH Street

Westminster, CA 92683

(714) 896-7261


South Office

30143 Crown Valley Pkwy.

Laguna Niguel, CA 92677

(949) 249-5026

Harbor Office

4601 Jamboree Rd.

Newport Beach, CA 92660

(949) 476-4650


Juvenile Office

341 City Drive South

Orange, CA 92668

In The United States District Court Southern District of Indiana Docket No._____

(714) 935-7624

Central Office

700 Civic Center Dr. W

Santa Ana, CA 92701

(714) 834-3952


Placer County

Placer County District Attorney

10810 Justice Center Drive Suite #240

Roseville, CA  95678

(916) 543-8000


Plumas County

Plumas County District Attorney

520 Main Street # 404, Quincy, CA 95971

(530) 283-6303

Riverside County


Riverside County

 District Attorney Offices

Riverside County

 District Attorney Offices


Banning

135 North Alessandro,

Room 210

Banning, CA 92220

In The United States District Court Southern District of Indiana Docket No._____

Blythe

220 North Broadway

Blythe, CA 92225

(760) 921-7878

Indio

82-675 Highway 111,

4th Floor

Indio, CA 92201

(760) 863-8216

Murrieta

30755-D Auld Road,

3rd Floor

Murrieta, CA 92563

(951) 304-5400

Administration/Training

3403 10th Street,

Suite 200

Riverside, CA 92501

(951) 955-0200

Riverside

4075 Main Street

Riverside, CA 92501

(951) 955-5400

In The United States District Court Southern District of Indiana Docket No._____

Sacramento County

Sacramento County District Attorney

901 G Street, Sacramento, CA 95814

(916) 874-6218

San Bernardino County

San Bernardino County District Attorney

Central Office

316 N Mt View Ave

San Bernardino, CA 92415

909-387-8309

DESERT-MOUNTAIN REGION

Victorville Office

14455 Civic Dr

Victorville, CA 92392

760-243-8600

Juvenile Division

San Bernardino Office

900 E Gilbert St

In The United States District Court Southern District of Indiana Docket No._____

San Bernardino, CA 92415

909-387-6979


DESERT-MOUNTAIN REGION

Barstow Office

235 East Mt View

Barstow, CA 92309

760-256-4810


DESERT-MOUNTAIN REGION

Morongo Basin Office

6527 White Feather Rd

Joshua Tree, CA 92252

760-366-4120Juvenile Division

Victorville Juvenile office

14440 Civic Drive, Bldg A

Victorville, CA 92392

760-951-3400


DESERT-MOUNTAIN REGION

Bear Valley Office

477 Summit Blvd

Big Bear Lake, CA 92316

909-866-0150


DESERT-MOUNTAIN REGION

Needles Office

1111 Bailey Ave

In The United States District Court Southern District of Indiana Docket No._____

Needles, CA 92363

760-326-9228Juvenile Division

Rancho Cucamonga office

8303 Haven Ave, 1st Floor

Rancho Cucamonga, CA 91730

909-945-6031

WEST VALLEY REGION

Chino Office

13260 Central Ave

Chino, CA 91710

909-465-5255

WEST VALLEY REGION

Fontana Office

17830 Arrow Blvd

Fontana, CA 92335

909-355-5935

WEST VALLEY REGION

Rancho Cucamonga Office

8303 Haven Ave, 4th floor

Rancho Cucamonga, CA 91730

909-989-0056

Special Unit

In The United States District Court Southern District of Indiana Docket No._____

Welfare Fraud Office

412 W. Hospitality Lane,

1st Floor

San Bernardino, CA 92415-0042

909-891-3377

**Special Unit**

Hospitality Lane Office

412 W Hospitality Lane,

3rd Floor

San Bernardino, CA 92415-0023

909-891-3523

San Diego County

San Diego County District Attorney

Main Office

Hall of Justice

330 W. Broadway

San Diego, CA 92101

619-531-4040

San Diego County District Attorney

El Cajon Office

East County Regional Center

In The United States District Court Southern District of Indiana Docket No._____

250 E. Main Street

El Cajon, CA 92020

619-441-4588


San Diego County District Attorney

Juvenile Office

2851 Meadow Lark Drive

San Diego, CA 92123

858-694-4250


San Diego County District Attorney Vista Office

North County Regional Center

325 S. Melrose Drive, Suite 5000

Vista, CA 92081

760-806-4004


San Diego County District Attorney

South Bay Office

South Bay Regional Center

333 H Street, Suite 4000

Chula Vista, CA 91910

619-498-5650


San Joaquin County

San Joaquin County District Attorney

222 E. Weber Ave., Room 202,

Stockton, CA 95202

(209) 468-2400

In The United States District Court Southern District of Indiana Docket No._____

San Luis Obispo County

Office of the District Attorney

County of San Luis Obispo

County Government Center, 4th Floor

San Luis Obispo, CA 93408

(805) 781-5800


San Mateo County

San Mateo County District Attorney

Main Office

400 County Center, 3rd Floor

Redwood City, CA 94063

(650) 363-4636

Victim Center (South County)

(650) 599-7479

Public Administrator

(650) 363-4475

Bureau of Investigation

(650) 363-4636

Consumer & Environmental Protection Unit

(650) 363-4651


Redwood City Branch

400 County Center, 4th Floor

(650) 363-4677


South San Francisco Branch

In The United States District Court Southern District of Indiana Docket No._____

1050 Mission Road

South San Francisco, CA 94080

(650) 877-5454

Victim Center (North County)

(650) 599-7479


Juvenile Branch / Hillcrest

222 Paul Scannell Drive, 2nd Floor

San Mateo, CA 94402

(650) 312-5303



Santa Barbara County


Santa Barbara District Attorney -- Main Office

1112 Santa Barbara Street

Santa Barbara, CA. 93101

(805) 568-2300

Juvenile (805) 568-2300

Welfare Fraud

234 Camino Del Remedio

Santa Barbara, CA 93110

(805) 681-4670

(805) 681-4443


Santa Maria District Attorney --  Main Office

312-D E Cook St

Santa Maria, CA 93454

In The United States District Court Southern District of Indiana Docket No._____

(805) 346-7540

Welfare Fraud

2125 Centerpointe Parkway

Santa Maria, CA 93455

(805) 346-7134

Lompoc District Attorney --  Main Office

115 Civic Center Plaza

Lompoc, CA 93436

(805) 737-7760

Welfare Fraud

1133 North H St., Suite F

Lompoc, CA 93436

(805) 740-0301

Santa Barbara District Attorney --Juvenile

4285 California Blvd.

Santa Maria, CA 93455

(805) 934-6975

Santa Barbara District Attorney --Juvenial

4285 California Blvd.

Santa Maria, CA 93455

(805) 934-6975

Santa Clara County

Santa Clara County District Attorney

70 West Hedding Street, West Wing

In The United States District Court Southern District of Indiana Docket No._____

San Jose, CA 95110

(408) 299-3099

Santa Cruz County

Santa Cruz County District Attorney

701 Ocean Street, Room 200

Santa Cruz, CA 95060

District Attorney

275 Main Street, Suite 202

Watsonville, CA 95076

Shasta County

Shasta County District Attorney

1525 Court St. 3rd Floor

Redding, CA 96001

(530) 245-6300

Sierra County

Sierra County District Attorney

100 Courthouse Square, Downieville, CA 95936

(530) 289-3269

Siskiyou County

Siskiyou County District Attorney

311 4th Street, Yreka, CA 96097

(530) 842-8125

In The United States District Court Southern District of Indiana Docket No._____

Solano County

Solano County District Attorney

675 Texas Street, Suite 4500

Fairfield CA 94533

(707)784-6800


Solano County District Attorney

321 Tuolumne Street

Vallejo CA 94590

(707)553-5321


Sonoma County

Sonoma County District Attorney District Attorney

District Attorney

Main Office:

Hall of Justice, Second Floor

600 Administration Drive, Room 212-J

Santa Rosa, California 95403

 (707) 565-2311

Bureau of Investigations: (707) 565-2011


Juvenile Division:

Juvenile Justice Center

7425 Rancho Los Guilicos Rd, Dept D

Santa Rosa, California 95409

Telephone: (707) 565-6250


Environmental/Consumer Law Division:

In The United States District Court Southern District of Indiana Docket No._____

2300 County Center Drive, Suite 170B

Santa Rosa, California 95403

Telephone: (707) 565-3161


Victim Assistance Division:

1000 Coddingtown Center, Suite 101

Santa Rosa, CA 95401-3513

Mailing Address: P. O. Box 6023

Santa Rosa, CA 95406-6023

Telephone: (707) 565-8250


Stanislaus County

Stanislaus County District Attorney

832 12th Street, Suite 300

Modesto, CA 95354

Mailing address: POB 442, Modesto, CA 95353

(209) 525-5550

Child Abduction (209) 525-6930


Juvenile Crimes

2215 Blue Gum Avenue

Modesto, California 95351

Telephone: (209) 525-45995


Sutter County

In The United States District Court Southern District of Indiana Docket No._____

Sutter County District Attorney

446 2nd Street, Yuba City, CA 95991

(530) 822-7330

Tehama County

Tehama County District Attorney

444 Oak Street, Red Bluff, CA 96080

(530) 527-3053

Trinity County

Trinity County District Attorney

11 Court Street

Weaverville, CA 96093

(530) 623-1304

Tulare County

DA Main Office, Visalia Division

221 S. Mooney Blvd., Rm. 224

Visalia, CA 93291

(559) 733-6411

Porterville Division

87 E. Morton

Porterville, CA 93257

(559) 782-4730

2/10/2012 8:37:32 AMTulare-Pixley Division

425 E. Kern

In The United States District Court Southern District of Indiana Docket No._____

Tulare, CA 93274

(559) 685-2568

Porterville Victim Services

270 N. Division

Porterville, CA  93257

Tuolumne County

Tuolumne County District Attorney

41 Yaney Avenue, Sonora, CA 95370

(209) 533-5655

Ventura County

Ventura County District Attorney

800 South Victoria Avenue, Ventura, CA 93009

(805) 654-2500

Yolo County District Attorney

301 Second Street

Woodland, CA 95695

(530) 666-8180

Yuba County

Yuba County District Attorney

215 5th Street, Marysville, CA 95901

In The United States District Court Southern District of Indiana Docket No._____

(530) 749-7770

(Defendant's)

# "COMPLAINT"

The Defendants are guilty of the following United States Codes:

1.)     18 U.S.C. § Section 1001

2.)     18 U.S.C. § 371 (Conspiracy)

3.)     18 U.S.C. § 1030 (a)(2) (Misuse of Computer)

4.)     18 U.S.C. § 402 (Contempt's Constituting Crimes)

5.) 18 U.S.C. § 1344 (1) (2) (Bank Fraud)

6.)     Violation of the U.S. Constitution Due Process Clause of the Fourteenth Amendment

7.) Title 47 Sec. §223. (a)(1)(A)(2)

8.) 18 U.S.C. § 1362 –Communications lines, stations or systems

9.) 18 U.S.C. § 1117 – Conspiracy to murder

10.) 42 U.S.C. § 1983

11.) 18 U.S.C. § 4 – Misprison of felony

**12.)The Defendants are guilty of the following United States Codes CRIMINAL RICO:**
**18 U.S.C. §§ 1961-1968**
18 U.S. Code § 1961 - Definitions
section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud)
(a)
(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
(A)
(i) with the intent to promote the carrying on of specified unlawful activity; or
(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

## C. Person

Section 1961(3) provides that the definition of "person" "includes any individual or entity capable of holding a legal or beneficial interest in property." This definition is highly significant because it determines who may be a defendant subject to criminal charges or a civil suit under RICO, as well as who may bring a civil RICO suit for treble damages. Clearly, a natural person sec. 52 53 falls within the definition of "person" under section 1961(3). See Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161-63 (2001). Likewise, RICO's definition of "person" includes a corporation, union, partnership and a sole proprietorship.

In that regard, 18 U.S.C. § 1962 makes it unlawful, for both criminal and civil purposes, for "any person" to violate Section 1962.

In that regard, 18 U.S.C. § 1964(c) provides that "[a]ny person injured in his business or property by reason of a violation of section 1962" may sue for treble damages (emphasis added)

## 18 U.S. Code § 1963 - Criminal penalties

(a) Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both, and shall forfeit to the United States, irrespective of any provision of State law—
(1) any interest the person has acquired or maintained in violation of section 1962;
(2) any—
(A) interest in;
(B) security of;
(C) claim against; or
(D) property or contractual right of any kind affording a source of influence over; any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962;and
(3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.
The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this section, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this section, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

## 18 U.S.C. § 1961(4).

The Supreme Court has squarely held that the term "enterprise" encompasses both legitimate and illegitimate enterprises.

Prosecution under RICO, however, does not require proof that either the defendant or the enterprise was connected to organized crime.

1. RICO's Definition of Enterprise Broadly Encompasses Many Types of Enterprises
Courts have given a broad reading to the term "enterprise." Noting that Congress mandated a liberal construction of the RICO statute in order to effectuate its remedial purposes and pointing to the expansive use of the word "includes" in the statutory definition of the term, courts have held that the list of enumerated entities in Section 1961(4) is not exhaustive but merely illustrative. Thus, the term enterprise includes commercial entities such as corporations (both foreign and domestic), partnerships, sole proprietorships, and cooperatives; benevolent and non-profit 65 66 67 68organizations such as unions and union benefit funds, schools, and political associations. The term enterprise also includes governmental units such as the offices of governors, mayors, state and congressional legislators, courts and judicial offices, police departments and sheriffs' offices, county prosecutors' offices, tax bureaus, fire departments, and executive departments and agencies, as well as municipalities. Indeed, in United States v. Warner, 498 F.3d 78 79 666, 694-97 (7th Cir. 2007), the Seventh Circuit held that the State of Illinois

37

In The United States District Court Southern District of Indiana Docket No._____

was properly charged as the RICO enterprise that was the victim of corrupt office holders' pattern of racketeering activity. Establishing that the members of the enterprise operated together in a coordinated manner in furtherance of a common purpose may be proven by a wide variety of direct and circumstantial evidence including, but not limited to, inferences from the members' commission of similar racketeering acts in furtherance of a shared objective, financial ties, coordination of activities, community of interests and objectives, interlocking nature of the schemes, and overlapping nature of the wrongful conduct. Moreover, such evidence of the existence of the charged enterprise may be based on uncharged unlawful conduct. The First, Second, Ninth, Eleventh, and District of Columbia Circuits have rejected the more rigid Bledsoe/Riccobene approach, holding instead that an enterprise need not have an ascertainable structure distinct from the pattern of racketeering activity, and that the existence of an enterprise should be evaluated on the totality of the evidence under the principles of Turkette and may be inferred from the evidence establishing the pattern of racketeering activity.

### An Individual May Constitute a RICO Enterprise

RICO's definition of "enterprise" explicitly "includes any individual." 18 U.S.C. § 1961(4).Indeed, in Salinas v. United States, 522 U.S. 52, 65 (1997), the Supreme Court indicated in dictum that a sole individual could also be a RICO enterprise, stating "though an 'enterprise' under § 1962(c) can exist with only one actor to conduct it, in most instances it will be conducted by more than one person or entity . . . ." Therefore, an individual may be a RICO enterprise, provided that the individual is not both a RICO defendant and the alleged RICO enterprise ,See United States v. DiCaro, 772 F.2d 1314, 1319-20 (7th Cir. 1985) For example, suppose individuals A and B hired individual C, who operated as a professional "hitman" over a period of time, to murder several persons. In these circumstances, individual C could be the RICO enterprise and individuals A and B could be charged as the RICO defendants. However, as a practical matter it is unnecessary to charge an individual as the RICO enterprise, because in such circumstances the Government could charge A, B, and C as an association-in-fact enterprise.

1. Continuity and Relationship - - Sedima, S.P.R.L. and H.J. Inc. v. Northwestern Bell Tel. Co.In Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), the Supreme Court stated that the RICO pattern element required more than merely proving two predicate acts of racketeering. The Court pointed to RICO legislative history indicating that the RICO pattern was not designed to cover merely sporadic or isolated unlawful activity, but rather was intended to cover racketeering activity that demonstrated some "relationship" and "the **threat of continuing [unlawful] activity."** Id. at 496n.14. Accordingly, the Supreme Court ruled that proof of such "continuity plus relationship" was required to establish a RICO pattern in addition to proof of two acts of racketeering.

The Supreme Court held that RICO does not require proof of multiple schemes, stating, in part: We find no support [for the Eighth Circuit's position] . . . that predicate acts of racketeering may form a pattern only when they are part of separate illegal schemes. Supreme Court stated:A "pattern" is an "arrangement or order of things or activity," . . . . It is not the number of predicates but the relationship that they bear to each other or to some external organizing principle that renders them "ordered" or arranged."[C}riminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." To Constitute a Pattern, it is Not Necessary that the Alleged Racketeering Acts Be Similar or Related Directly to Each Other, Rather A Pattern May Consist of Diversified Racketeering Acts Provided that they are Related to the Alleged Enterprise.

In accordance with the foregoing evidence of Congress' intent underlying RICO, every court of appeals that has decided the issue has held that racketeering acts need not be similar, or directly related to each other; rather, it is sufficient that the racketeering acts are related in some way to the affairs of the charged enterprise As The Third Circuit explained in United States v. Eufrasio, 935 F.2d 553 (3d Cir. 1991).

Nevertheless, courts have repeatedly found that the requisite continuity was established where a scheme to defraud involved more than one victim and multiple mailings or wire transmissions spanned a substantial period of time, or the scheme posed a threat of continuing unlawful activity.

Likewise, pursuant to H.J. Inc.'s fourth illustration, courts have found that the requisite continuity was

In The United States District Court Southern District of Indiana Docket No._____

established where the racketeering acts were "a regular way of conducting defendant's ongoing legitimate business." H.J. Inc., 492 U.S. at 243.

Moreover, a single RICO count may include both alternative grounds for liability, i.e., a pattern of racketeering activity and collection of unlawful debt, or each alternative ground may be the basis for a separate RICO count.

Another issue that arises in connection with Section 1962(a) prosecutions involves the tracing of investment money. Although a defendant may argue that the Government must trace to the enterprise any monies charged as being invested in violation of Section 1962(a), rigorous tracing is not required.

For example, in United States v. Marino, 277 F.3d 11 (1st Cir. 2002), the court upheld a jury instruction that a person is associated with an association-in-fact enterprise if he knowingly participates, directly or indirectly, in the conduct of the affairs of an enterprise. One need not have an official position in the enterprise to be associated with it. One need not formally align himself with an enterprise to associate with it. Association may be by means of an informal or loose relationship. To associate has its plain meaning . . . . "Associated" means to be joined, often in a loose relationship, as a partner, fellow worker, colleague, friend, companion, or ally. Thus, although a person's role in the enterprise may be very minor, a person will still be associated with the enterprise if he knowingly joins with a group of individuals associated in fact who constitute the enterprise.

### Profit-Seeking Motive Is Not Required
In Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249 (1994) ("Scheidler"), the Supreme Court held that the RICO statute contains no economic motive requirement, thereby overruling the district court's holding that a profit-seeking motive for either the RICO enterprise or predicate acts was required, and reversing the district court's dismissal of the plaintiff's civil RICO claim. In reaching this decision, the Supreme Court observed that the enterprise in Sections 1962(a) and (b) might "very well be a profit-seeking entity," id. at 259, but that the RICO statute does not mandate that either the enterprise or the racketeering activity have an economic motive. Rather, RICO requires only that the entity be acquired through the use of illegal activity or by money obtained from illegal activities.

To Constitute a Pattern, it is Not Necessary that the Alleged Racketeering Acts be Similar or Related Directly to Each Other, Rather A Pattern May Consist of Diversified Racketeering Acts Provided that they are Related to the Alleged Enterprise. Nevertheless, courts have repeatedly found that the requisite continuity was established where a scheme to defraud involved more than one victim and multiple mailings or wire transmissions spanned a substantial period of time, or the scheme posed a threat of continuing unlawful activity.

Likewise, pursuant to H.J. Inc.'s fourth illustration, courts have found that the requisite continuity was established where the racketeering acts were "a regular way of conducting defendant's ongoing legitimate business." H.J. Inc., 492 U.S. at 243.136 Moreover, the requisite continuity may be proven by facts external to a defendant's own
racketeering acts, such as the nature of the enterprise and racketeering activities by other members or associates of the enterprise, including evidence of uncharged crimes.

### 6. Single Episode Rule
In response to case law and concerns that continuity may be deficient arising from the potential use of a single, isolated transaction to establish a defendant's pattern of racketeering activity, the Organized Crime and Racketeering Section developed a policy referred to as the "single episode rule." Although the courts have not mandated a single-episode rule (see pp. 94-95 above), OCRS will continue to implement its single episode policy, to ensure that the requisite continuity is satisfied.
### a. Single Episode Rule
The single episode rule is as follows:
When a single act or course of conduct may be charged as multiple offenses or counts under the law governing those particular offenses, it will be presumed that multiple racketeering acts may be charged corresponding to those multiple offenses.Thus, the single episode rule creates a presumption in favor of

In The United States District Court Southern District of Indiana Docket No._____

charging multiple predicate acts when the law permits charging multiple offenses or multiple counts for a given act or course of conduct.

**F. Unlawful Debt**
1. Collection of Unlawful Debt Provides an Alternative Ground for RICO Liability.
Participating in the affairs of an enterprise through the "collection of unlawful debt" is an alternative ground for imposing liability under 18 U.S.C. §§ 1962(c) and (d). Likewise, acquiring or maintaining an interest in an enterprise through the "collection of an unlawful debt" is an alternative ground for imposing liability under
18 U.S.C. §§ 1962(a) and (b). In such cases, the Government's is not required to establish that a defendant engaged, or conspired to engage, in a pattern of racketeering activity since the alternative ground of "collection of unlawful debt" is sufficient to establish liability under 18 U.S.C. § 1962(a), (b), (c), or (d).

Moreover, a single RICO count may include both alternative grounds for liability, i.e., a pattern of racketeering activity and collection of unlawful debt, or each alternative ground may be the basis for a separate RICO count.

Moreover, in Salinas v. United States, 522 U.S. 52, 61-66 (1997), the Supreme Court held that to establish a RICO conspiracy offense under Section 1962(d), there is no requirement that the defendant "himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under § 1962(c)." Id. at 61. The Supreme Court explained: A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other. If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

"If the government can prove an agreement on an overall objective, it need not prove a defendant personally agreed to commit two predicate acts." United States v. Abbell, 271 F.3d 1286, 1299 (11th Cir. 2001), cert. denied, 537 U.S. 813 (2002); accord Smith, 413 F.3d at 1272; Delgado, 401 F.3d at 296; To, 144 F.3d at 744; Starrett, 55 F.3d at 1544.

In Salinas, 522 U.S. at 63-66, the Supreme Court made clear that while evidence of such an agreement to commit two racketeering acts is sufficient to establish a RICO conspiracy, RICO does not require the plaintiff to prove that the defendant agreed to personally commit two predicate acts of racketeering. It bears repeating (see Section III(D)(1) above), that the Supreme Court explained a second alternative way to prove a RICO conspiracy, stating:
A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253-254 (1940).

Moreover, "[r]egardless of the method used to prove the agreement, the government does not have to establish that each conspirator explicitly agreed with every other conspirator to commit the substantive RICO crime described in the indictment, or knew his fellow conspirators, or was aware of all the details of the conspiracy. That each conspirator may have contemplated participating in different and unrelated crimes is irrelevant." Starrett, 55 F.3d at 1544 (internal quotation marks and citations deleted). Rather, to establish sufficient knowledge, it is only required that the defendant" know the general nature of the conspiracy and that the conspiracy extends beyond his individual role." Rastelli, 870 F.2d at 828 (collecting cases). Furthermore, "[b]ecause conspirators normally  attempt to conceal their conduct, the elements of a conspiracy offense may be established solely by circumstantial evidence. The agreement, a defendant's guilty knowledge and a defendant's participation in the conspiracy all may be inferred from the development and collocation of circumstances." Posada-Rios, 158 F.3d at 857 (citations and internal quotation marks omitted).Accord cases cited in notes 189 & 192 above.
Moreover, it is well-established that proof of a conspiracy is not defeated merely because membership in the conspiracy changes and some defendants cease to remain a part in it. In addition, each co-conspirator is liable for the acts of all other co-conspirators undertaken in furtherance of the conspiracy both prior to and subsequent to the co-conspirator's joining the conspiracy even if the conspirator did not participate in, or

In The United States District Court Southern District of Indiana Docket No._____

was unaware of, such acts. Moreover, such liability remains even if the defendant has ceased his participation in the conspiracy.

In Salinas, the Supreme Court squarely applied this principle to RICO cases. As explained in Sections III (D)(1) and (2) above, in Salinas, the Supreme Court held that even though a defendant may not be liable for a substantive RICO violation under 18 U.S.C. § 1962(c) unless he himself committed at least two racketeering acts, a defendant, nevertheless, may be liable for a RICO conspiracy offense even if he did not himself commit or agree to commit at least two racketeering acts. Id. at 61-65. In reaching this conclusion, the Supreme Court relied upon two well-established tenets of conspiracy law which also govern Section 1962(d). The Supreme Court first observed that" a person may conspire for the commission of a crime by a third person." Id. at 64, quoting United States v. Holte, 236 U.S. 140, 144 (1915). The Salinas Court also recognized that "[a] person . . .may be liable for conspiracy even though he was incapable of committing the substantive offense. "Id. at 64, citing United States v. Rabinowich, 238 U.S. 78, 86 (1915); see also cases cited in196 above.

Under RICO, Defendants Are Jointly and Severally Liable for the Total Amount of Forfeiture Declared Every court that has considered the issue has held that each defendant convicted on a RICO charge is jointly and severally liable for the entire amount of forfeiture that was reasonably foreseeable to the defendant. As the Eighth Circuit stated in United States v. Simmons, 154 F.3d. See, e.g., United States v. Gotti, 459 F.3d 296, 347 (2d Cir. 2006) (following Fruchter 249[below]; in a RICO case, each co-defendant is liable for the full amount of the proceeds of the racketeering activity foreseeable to him); United States v. Hively, 437 F.3d 752, 763 (8th Cir. 2006) (RICO defendant is liable for the proceeds of the entire scheme, not just the proceeds of the two (continued...)

200 Santos 128 S. Ct. 2026 (internal citations omitted). However valid this observation might be with regard to money laundering, the merger doctrine has no place in RICO practice because of the wholly different statutory scheme established by 18 U.S.C. § 1962: there can be no merger of the predicate acts of racketeering and the racketeering offense itself. See Section VI (P)(1)(a) and (b) below.

Thus, the forfeiture of gross proceeds under RICO does not raise the specter of imposing greater punishment for related offenses that are subject to the merger doctrine. Furthermore, as stated above, forfeiture of all of the defendant's receipts derived from his unlawful activity is consistent with the longstanding rule of law that a wrongdoer can never acquire a legitimate interest in his unlawful gains. For all of these reasons, OCRS maintains that gross proceeds are subject to forfeiture under Section 1963(a), and, therefore, prosecutors should continue to seek the forfeiture of gross proceed sunder § 1963(a)(3). Challenges to the forfeiture of gross proceeds under RICO that cite Santos 248 should be contested and distinguished on the bases set out above. b. Under RICO, Defendants Are Jointly and Severally Liable for the Total Amount of Forfeiture Declared Every court that has considered the issue has held that each defendant convicted on a RICO charge is jointly and severally liable for the entire amount of forfeiture that was reasonably foreseeable to the defendant. As the Eighth Circuit stated in United States v. Simmons, 154 F.3d 249(...continued) 249predicate acts on which he was convicted); United States v. Fruchter, 411 F.3d 377, 384 (2d Cir.2005) (RICO defendant is liable for forfeiture of all proceeds of the offense foreseeable to him including proceeds traceable to conduct committed by others and on which he was personally acquitted); Edwards, 303 F.3d at 643 (following Corrado II [below]; defendant, who was not personally involved in one part of the racketeering activity, is jointly and severally liable for money judgment that included the proceeds of that part of the offense because codefendant's commission of it was foreseeable to him); United States v. Corrado, 227 F.3d 543, 554-55 (6th Cir. 2000) (Corrado I) (all defendants in a RICO case are jointly and severally liable for the total amount derived from the scheme; the Government is not required to show that the defendants shared the proceeds of the offense among themselves, nor to establish how much was distributed to a particular defendant); United States v. Corrado, 286 F.3d 934, 938 (6th Cir. 2002) (Corrado II) because a person who collected the proceeds was able to do so because of his participation in a scheme, all members of the scheme are jointly and severally liable). Accord United States v. Infelise, 159 F.3d 300, 301 (7th Cir. 1998); United States v. 250Hurley, 63 F.3d 1, 22 (1st Cir. 1998); United States v. Saccoccia, 58 F.3d 754, 785 (1st Cir. 1995);United States v. Masters, 924 F.2d 1362, 1369-70 (7th Cir.), cert. denied, 500 U.S. 919 (1991); Fleischhauer v. Feltner, 879 F.2d 1290, 1301 (6th Cir. 1989), cert. denied, 493 U.S. 1074 (1990);United States v. Benevento, 836 F.2d 129, 130 (2d Cir.), cert. denied, 486 U.S. 1043 (1988); UnitedStates v. Caporale, 806 F.2d 1487, 1506-09 (11th Cir. 1986), cert. denied, 482 U.S. 917 (1987); United States v. Bloom, 777 F. Supp. 208, 211 (E.D.N.Y. 1991); United States v. Wilson, 742 F. Supp. 905, 909 (E.D. Pa.

In The United States District Court Southern District of Indiana Docket No._____

1989), aff'd, 909 F. 2d 1478 (3d Cir.), cert. denied, 498 U.S. 1016 (1990).See United States v. Kramer, 73 F.3d 1067, 1076 (11th Cir.), cert. denied, 519 U.S. 1011 251(1996).201765, 769-70 (8th Cir. 1998) (internal citations omitted):Codefendants are properly held jointly and severally liable for the [forfeiture of] proceeds of a RICO enterprise. The government is not required to prove the specific portion of proceeds for which each defendant is responsible. Such a requirement would allow defendants" to mask the allocation of the proceeds to avoid forfeiting them altogether.

(RICO defendant is liable for forfeiture of all proceeds of the offense foreseeable to him including proceeds traceable to conduct committed by others and on which he was personally acquitted ); Edwards, 303 F.3d at 643 (following Corrado II [below]; defendant, who was not personally involved in one part of the racketeering activity, is jointly and severally liable for money judgment that included the proceeds of that part of the offense because codefendant's commission of it was foreseeable to him); United States v. Corrado, 227 F.3d 543, 554-55 (6th Cir. 2000)(Corrado I) (all defendants in a RICO case are jointly and severally liable for the total amount derived from the scheme; the Government is not required to show that the defendants shared the proceeds of the offense among themselves, nor to establish how much was distributed to a particular defendant); United States v. Corrado, 286 F.3d 934, 938 (6th Cir. 2002) (Corrado II) because a person who collected the proceeds was able to do so because of his participation in a scheme, all members of the scheme are jointly and severally liable).

**Substitute Assets**
Section 1963(m), in pertinent part, provides that[i]f any property [subject to forfeiture], as a result of any act or omission of the defendant –
(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third party;
(3) has been placed beyond the jurisdiction of the court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which
cannot be divided without difficulty;
the court shall order the forfeiture of any other property of the defendant up to the value of any property [subject to forfeiture].

This provision, known as the "substitute assets" provision per its companion section in 21 U.S.C. § 853(p), permits the forfeiture of a defendant's otherwise untainted assets when he has dissipated or otherwise disposed of directly forfeitable property of any kind.

In RICO cases, courts have not hesitated to impose substantial forfeitures over Eighth Amendment objections. Such cases are consistent both with RICO's statutory scheme and 342Congress' clear intent that RICO forfeitures be applied broadly.

11. Ancillary Claims Proceedings
Section 1963(l) (which is lower case "L" of this provision) establishes the post-conviction procedures known as the "ancillary claims process," under which third parties may assert claims to forfeited property. Rule 32.2, Fed. R. Crim. P. augments § 1963(l) regarding these processes. While the complexities of ancillary claims litigation is beyond the scope of this Manual, the general procedures are summarized as follows.

See, e.g., Segal, 495 F.3d 826, 840 (7th Cir. 2007) (forfeiture of defendant's entire interest in the RICO enterprise, including portion untainted by the criminal activity, was not excessive in light of the massive, long-running scheme involving millions of dollars); United States v. Najjar, 300 F.3d 466, 486 (4th Cir. 2002).

In order to prevail, the petitioner, who has the burden of proof, must establish by a preponderance of the evidence either: (1) that he had a legal right, title, or an interest in the property superior to the defendant's interest at the time of the acts giving rise to the forfeiture.

In Reves v. Ernst & Young, 507 U.S. 170, 183 (1993), the Supreme Court ruled

In The United States District Court Southern District of Indiana Docket No._____

that the liberal construction provision "is not an invitation to apply RICO to new purposes that Congress never intended." The Court reasoned that the clause "only serves as an aid for resolving an ambiguity; it is not to be used to beget one." Id. at 184. (citations omitted). 406 With these limitations in mind, prosecutors can use the liberal construction clause to argue for favorable interpretations of RICO provisions in order to achieve RICO's remedial purpose. See cases cited in n.405 above.

D. RICO Does Not Require Any Connection to Organized Crime
In 1989, the Supreme Court squarely held that RICO does not require any proof that a RICO defendant or a RICO offense had any nexus to "organized crime." See H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 243-49 (1989). Thus, the Supreme Court stated that "the argument for reading an organized crime limitation into RICO . . . . finds no support in the Act's text, and is at odds with the tenor of its legislative history." Id. at 244. The Supreme Court added that "[t]he occasion for Congress' action was the perceived need to combat organized crime. But Congress for cogent reasons chose to enact a more general statute, one which, although it had organized crime as its focus, was not limited in application to organized crime." Id. at 248. Accord Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 260 (1994). Accordingly, the lower courts have uniformly held that RICO does not require any nexus to organized crime.

18 U.S.C. § 1961(1)(B) provides that "any act which is indictable under any of the [listed] provisions of Title 18" may constitute a RICO predicate act of racketeering, including the following offenses that apply extraterritorially:

18 U.S.C. § 1343 relating to wire fraud involving a "wire, radio, or television communication in interstate or foreign commerce." See, e.g., Collazos v. United States, 368 F.3d 190, 200 (2d Cir. 2004); Kim, 246 F.3d at 190-91.

## 18 U.S.C. § 1512 relating to tampering with a witness, victim or an informant.

Moreover, in civil RICO cases involving fraud brought by private litigants, courts have employed two tests adapted from antitrust and securities violations cases. Under the "conduct" test, courts have applied civil RICO extraterritorially where the plaintiff demonstrates: **"(1) that 'conduct material to the completion of the fraud occurred in the United States,' and that (2) the U.S. conduct was the 'direct cause of the alleged injury'"** to the plaintiff. Norex Petroleum Ltd. v. Access Indus., Inc., 2007 WL 2766731 at *4 (S.D.N.Y. Sept. 24, 2007). Under the effects test, civil RICO applies extraterritorially "whenever a predominantly foreign transaction has substantial effects within the United States" or "when extraterritorial conduct is intended to and actually does have a detrimental effect" upon the United States plaintiff's business or property.

### Constitutional Challenges to RICO

1. Vagueness Challenges
   In H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989), the Supreme Court reversed the Eighth Circuit's holding that required proof of multiple schemes in order to establish the pattern-of-racketeering element of RICO. In a concurring opinion written by Justice Scalia, four Justices expressed their concern about the difficulty in defining a pattern of racketeering activity. stating: No constitutional challenge to this law has been raised in the present case, and so that issue is not before us. That the highest Court in the land has been unable to derive from this statute anything more than today's meager guidance bodes ill for the day when that challenge is presented. 492 U.S. at 255-56 (Scalia, J., concurring).

   This comment has prompted numerous defendants to attack the RICO statute on vagueness grounds. Those attacks have not fared well in the courts. All ten of the federal courts of appeals that have addressed the issue since H.J. Inc. was decided have rejected the RICO vagueness argument. These courts have held that vagueness claims must be considered on the facts of the particular case in which the claim is asserted; in each case the court found that the defendants had adequate notice that their conduct fell within the proscriptions of RICO and that consequently

In The United States District Court Southern District of Indiana Docket No._____

their vagueness challenges, including to RICO's requirements of an enterprise and pattern of racketeering activity, were meritless.

The Court has held that RICO both protects a legitimate "enterprise" from those who would use unlawful acts to victimize it, United States v. Turkette, 452 U.S. 576, 591(1981), and also protects the public from those who would unlawfully use an"enterprise" (whether legitimate or illegitimate) as a "vehicle" through which

"unlawful . . . activity is committed," National Organization for Women, Inc., 510 U.S. [249,] 259 (1994).

Moreover, some courts have indicated that an enterprise may not be the victim of the alleged racketeering activity where it would violate the rule against identity between the RICO defendant and the enterprise (see Section II(D)(7) above), such as where a corporate defendant would be held vicariously liable for the racketeering activity of its employees that victimize the corporate enterprise. See, e.g., Cox v. Administrator United States Steel & Carnegie, 17 F.3d 1386, 1403-06 (11th Cir. 1994); Liguid Air Corp. v. Rogers, 834 F.2d 1297, 1306 (7th Cir. 1987), cert. denied, 492 U.S. 917 (1989); Haroco v. Am. Nat'l B&T Co. of Chicago, 747 F.2d 384, 401-02 (7th Cir. 1984), aff'd on other grounds, 473 U.S. 606 (1985); Weaver v. Mobile Diagnostech, Inc., 2007 WL 1830712, at **10-11 (W.D. Pa. June 25, 2007); Moses v. Martin, 360 F. Supp. 2d 533, 551 (S.D.N.Y. 2004); Manhattan Telecommunications Corp. v. Dial America Marketing, 156 F. Supp. 2d 376, 382-83 (S.D.N.Y. 2001); Thomas v. Ross, 9 F. Supp. 2d 547, 556-57, n.3 (D. Md. 1998).These cases recognize that their rationale does not apply where the RICO defendant is distinct from the enterprise.

As noted above, RICO's definition of an "enterprise," 18 U.S.C. § 1961(4), includes a "corporation," "labor union" and **"other legal entity."** RICO's legislative history firmly establishes that Congress designed RICO to redress the victimization of these types of enterprises by organized crime and other illegal ventures. See Section I(B)(1) above. For example, the Senate Report regarding RICO states: Model Penal Code § 240.1 (1980). The Explanatory Note to Section 240.1, explained that:The bribery offense abandons the usual focus upon "corrupt" agreements or a"corrupt" intent and instead spells out with more particularity the kinds of arrangements that are prohibited. . . . The offense is defined so as not to require proof of an actual agreement or mutual understanding. It thus reaches the inchoate behavior of either party accompanied by a purpose to achieve the prohibited understanding.

2. **RICO and Electronic Surveillance**
Section 2516(1)(c) of Title 18, as amended in 1970, permits the interception of any wire, oral, or electronic communications when that interception may provide, or has provided, evidence of any offenses punishable under 18 U.S.C. § 1963. Because a RICO violation is based on violations of other statutes, conduct involving violations of these other statutes can also serve as a basis for electronic surveillance, even if not specifically authorized in 18 U.S.C. § 2516, as long as these other offenses are within the scope of RICO. For example, in United States v. Daly, 535 F.2d 434, 439-40(8th Cir. 1976), the defendant argued that the wiretap authorization was used for a purpose (mail fraud) not authorized by 18 U.S.C. § 2516. The court rejected this argument because mail fraud is a predicate offense under 18 U.S.C. § 1961 and the wiretap order authorized interception of conversations relating to mail fraud racketeering activities violative of 18 U.S.C. § 1962, which is authorized by section 2516.

Evidence of Uncharged Crimes is Admissible to Prove the Existence of the Enterprise, a RICO Conspiracy, a Defendant's Participation in Both, Continuity of the Pattern of Racketeering Activity and Other Matters In RICO cases, courts typically admit evidence of crimes not specifically charged against a defendant or not committed by the defendant. For example, in United States v. Finestone, 816 F.2d 583, 585-87 (11th Cir.), cert. denied, 484 U.S. 948 (1987), the Eleventh Circuit upheld the admission proper in district where at least one overt act and one predicate act occurred); United States v. Rastelli, 653 F. Supp. 1034, 1054 (E.D.N.Y. 1986) (venue for a conspiracy charge "lies wherever the overt act or the agreement to conspire took place"); Persico, 621 F. Supp. at 857-58 (conspiracy venue proper in any district where an overt

In The United States District Court Southern District of Indiana Docket No._____

act occurred); see also cases cited in n.476 above. I am seeking unspecified damages, thank
you.

The Defendants are guilty of Espionage and Conspiracy to commit Espionage (colloquially,
spying) is the obtaining of information considered secret or confidential without the permission of
the holder of the information.[1] Espionage can be committed by an individual or a spy ring (a
cooperating group of spies), in the service of a government or a company, or operating
independently. The practice is inherently clandestine, as it is by definition unwelcome and in many
cases illegal and punishable by law. Espionage is a subset of "intelligence" gathering, which
includes espionage as well as information gathering from public sources.

Espionage is often part of an institutional effort by a government or commercial concern. However,
the term is generally associated with state spying on potential or actual enemies primarily for
military purposes.

## "WRIT OF EXECUTION"

The United States federal government (in comparison to the separate states) applies the death
penalty for crimes: treason, terrorism, espionage, federal murder, large-scale drug trafficking, and
attempting to kill a witness, juror, or court officer in certain cases. Military law allows execution
of soldiers for several crimes, thank you.

Date: __June 27, 2017_____          Signature:_____

SSN: 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                      Name: **AZAEL DYTHIAN PERALES** ____

CDL: A2093574                                          **(Typed or Printed)**

Address: **P.O. Box 501 Fullerton, California 92836 (Homeless)**

Telephone No. **(714) 732-8532**